## Hartman v. Hartman

*Robert C. McFadden*, for plaintiff.

*Leroy B. Hartman*, p. p.

SCHEIRER, J., December 22, 1964.—A review of the record in this uncontested divorce action reveals several matters of concern.

There is no testimony whatsoever as to the address of the parties at the time of filing of the complaint. There are averments in the complaint that the plaintiff resides in Allentown and that the defendant resides in Emmaus. The master makes a casual finding of fact that after the separation in March, 1963, "the parties apparently established their residences as set forth in the Complaint." Averment of residences in a complaint may serve as a password allowing the parties to enter the doors of a courthouse in a given county but it cannot without sworn testimony before a master serve as the sole basis of jurisdiction of the court. This is a matter for careful inquiry by the master. There is no basis in the testimony to find that the parties "have resided continuously in Lehigh County . . . since birth." Nor is there justification for a conclusion of law that "Your Honorable Court has jurisdiction over the subject matter and over the parties."

The service of the complaint and of the master's notice was made upon defendant at the busy intersection of Sixth and Hamilton Streets in the City of Allentown, a block from the courthouse. Having in mind the variety of business enterprises in the area, our curiosity

is aroused as to whether this was accomplished while defendant was eating, drinking, smoking, buying a racing form or watching television. Does he reside at this intersection? Is his used car business there? Was the service by arrangement, by accident? Why was defendant served at this location?

The notice of filing the master's report was served upon defendant at Sixth and Walnut Streets, a dangerous one-half block from the office of plaintiff's attorney. Why?

In Trinkle v. Trinkle, 30 Lehigh 421, a case which should have some interest to plaintiff's attorney for he was also plaintiff's attorney in that case, our colleague Judge Wieand commented, "The record in this case contains no word of explanation for the fortuitous presence of the defendant at or near the Lehigh County Court House when documents in this divorce action were to be served upon him. These circumstances create at the very least some suspicion that collusion between the parties may exist." In the Trinkle case, the complaint, the master's notice and the notice of filing his report were served at Fifth and Hamilton Streets. Moving the scene of service west and south only adds fuel to our concern.

The observation of Judge Wieand is again pertinent: "The correct rule seems to be as set forth in 2 Freedman, Marriage and Divorce In Pennsylvania, §410, p. 867, as follows: 'It would appear upon principle that the mere action of a respondent in putting himself in the way of service is not collusion. There is wanting in such action the essential element of an agreement between libelant and respondent. It is, however, in common reason, sufficient to create suspicion. The absence of any explanation justifies the conclusion that libelant's silence results from guilty participation and may therefore warrant the withholding of a decree on

the ground of collusion.' See also Smith v. Smith, 87 D. & C. 204; Lukasitis v. Lukasitis, 53 D. & C. 290."

From the similarity of the situations in two uncontested divorce actions, we are forced to comment that the attorney involved seems to have either a solicitude for defendants or an undue concern for saving mileage fees for his clients. Both involve risks as to an inference, or at least a suspicion of collusion and our strong recommendation both in the interests of his clients and in his own interest as an officer of this court is that normal methods of service upon a defendant be generally utilized. As noted above, "the mere action of a defendant in putting himself in the way of service is not collusion. . . . It is . . . sufficient to create suspicion." Unusual services as under the circumstances of this case need to be explained. Both a plaintiff's attorney and a master have obligations to the court in such a situation.

We resubmit the record of this case back to the master for rehearing, following proper notice to defendant, for the purpose of determining the addresses of the parties at the time of filing the complaint and thereafter and the places of employment of the parties. The method and place of service of pleadings and notices shall be explained.

Now, December 22, 1964, the proceedings in the above captioned action in divorce are referred back to the master for the purpose of taking additional testimony and making further findings of fact and conclusions of law in accordance with this opinion.